# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| GRINNELL MUTUAL | ) | |
| REINSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:15-cv-04078-NKL |
| v. | ) | |
| | ) | |
| SUSAN SLEEPER, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this declaratory judgment action, Plaintiff Grinnell Mutual Reinsurance Company seeks a declaration of its rights and obligations with respect to an insurance policy held by Defendant Susan Sleeper.[1]  Before the Court is Grinnell's Motion for Summary Judgment [Doc. 31].  For the following reasons, the motion is granted.

## I.    Background

This litigation arises out of a state court dispute between the family members of Vincil Fry and Willa Fry, both of whom are deceased.  In that dispute, plaintiffs Mary Ellison and Susan Sleeper asserted claims against defendants Linda Fry, Delbert Fry, Fry

---

[1]    Grinnell also filed this suit against Defendants Linda Fry, Delbert Fry, Fry Grain Enterprises, and the John Delbert Fry Revocable Intervivos Trust.  These defendants failed to plead or defend as required under Federal Rule of Civil Procedure 55(a), and so the clerk entered default against them on August 12, 2015.  *See* [Doc. 25].

1

Grain Enterprises, and the John Delbert Fry Revocable Intervivos Trust. Sleeper and Ellison asserted they had been unlawfully deprived by these defendants of property that should have passed to Sleeper and Ellison on the death of Vincil and Willa Fry.

In response, the state court defendants brought a counterclaim for malicious prosecution against Susan Sleeper. The counterclaim alleged that Sleeper's claims were barred by the statute of limitations, that she and her counsel were aware of this impediment, and therefore that she had brought suit without probable cause and solely as a means of harassment. In defense Sleeper alleged that the defendants had concealed their unlawful activity and therefore the statute of limitations had been tolled. In support of her defense, Sleeper identified a line of Missouri cases to support her defense. Ultimately, the Missouri Supreme Court acknowledged and abrogated this line of cases in ruling Sleeper's claims were barred by the statute of limitations. *See Ellison v. Fry*, 437 S.W.3d 762, 770 (Mo. 2014).

Sleeper holds an insurance policy with CFM Insurance, Inc. for which Grinnell Mutual Reinsurance affords potential liability coverage. Grinnell filed suit before the Court seeking a declaratory judgment that this policy does not cover the malicious prosecution counterclaim. Pursuant to Federal Rule of Civil Procedure 56, Grinnell now moves for summary judgment.

## II.    Discussion

Grinnell seeks a declaratory judgment that it has no duty to defend or indemnify the malicious prosecution claim against Sleeper. To determine whether there is insurance

2

coverage Court must first interpret Sleeper's policy. The interpretation of an insurance policy is a question of law. *Columbia Mutual Ins. Co. v. Schauf,* 967 S.W.2d 74, 76 (Mo. banc 1998). When performing this assessment, a court will consider the terms of the policy, attaching to those terms "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance." *McCormack Baron Mgmt. Services, Inc. v. American Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999) (*quoting* John A. Appleman & Jean Appelman, Insurance Law and Practice § 7384 (rev. vol. 1976)) (internal quotation marks omitted). Sleeper bears the burden of establishing coverage under her insurance policy. *M.A.B. v. Nicely*, 911 S.W.2d 313, 315 (Mo. Ct. App. 1995).

Because neither party disputes the contents of Sleeper's policy or of the underlying state court case, there are no factual disputes at issue and "the [C]ourt shall grant summary judgment if [Grinnell] is entitled to judgment as a matter of law." *Wolfe Auto. Grp., LLC v. Universal Underwriters Ins. Co.*, 808 F.3d 729, 732 (8th Cir. 2015) (*quoting* Fed.R.Civ.P. 56(a)).

## A. Interpretation of the Policy

Sleeper's insurance policy contains a coverage form entitled "Personal Liability Coverage," which states in relevant part:

> **Coverage L – Liability – We** pay, up to **our** limit, all sums for which an **insured** is liable by law because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. **We** will defend a suit seeking damages if the suit resulted from **bodily injury** or **property damage** not excluded under this coverage. **We** may make investigations and settle claims or suits that **we** decide are appropriate. **We** do not have to

3

provide a defense after **we** have paid an amount equal to our limit as a result of a judgment or written settlement.

M [Doc. 1-2, p. 57] (emphasis in original).

The policy defines "occurrence" as "an accident." [Doc. 1-2, p. 56]. It does not, however, offer a definition for "accident."

Grinnell argues that "accident" plainly suggests an injury caused by negligence, which necessarily precludes acts of an intentional nature.[2] *See Jackson v. City of Blue Springs*, 904 S.W.2d 322, 329 (Mo. Ct. App. 1995) (defining "negligence" as "the failure to exercise the degree of care which a reasonably prudent and careful person would use under the same or similar circumstances"). *See also Brand v. Kansas City Gastroenterology & Hepatology, LLC*, 414 S.W.3d 546, 555 (Mo. Ct. App. 2013) ("The concepts of negligence and intentional conduct are contradictory and mutually exclusive.").

Sleeper does not appear to dispute this argument. Although she maintains "accident" is an ambiguous term in the policy, and consequently it should be construed against Grinnell, she proceeds to offer third-party definitions of "accident" that define the term as "an unfortunate incident that happens unexpectedly or unintentionally" and "an unfortunate event resulting from carelessness, unawareness, ignorance or a combination

---

[2]     Grinnell alternatively argues that Sleeper's policy does not cover the malicious prosecution counterclaim because (1) the policy contains an exclusion barring coverage for intentional acts performed by the insured and (2) the policy contains an exclusion barring coverage for punitive or exemplary damages. Because the Court finds that the malicious prosecution counterclaim is not an "occurrence" such that Grinnell has a duty to defend or indemnify Sleeper, it need not address these alternative arguments premised on exclusions in the policy.

4

of causes." [Doc. 41, pp. 17-18]. These definitions are consistent with Grinnell's argument that an accidental act bespeaks negligence.

These definitions also comport with Missouri precedent. *See Hampton v. Carter Enterprises, Inc.*, 238 S.W.3d 170, 175 (Mo. Ct. App. 2007); *Wood*, 980 S.W.2d at 48; *Great American Ins. Co. v. Pearl Paint Co.*, 703 S.W.2d 601, 602 (Mo. Ct. App. 1986) (all interpreting an insurance policy where "occurrence" was defined as an "accident," but "accident" was not defined; the term "accident" covers negligent acts).

Accordingly Sleeper's policy provides coverage for injuries caused by negligence.

### B. Duty to Defend

An insurer has a duty to defend when "the petition in the underlying action states some grounds of liability covered by its insurance policy." *Wood*, 980 S.W.2d at 46 (*citing Butters v. City of Independence,* 513 S.W.2d 418, 424 (Mo. 1974)). If the underlying action "alleges facts which state a claim potentially within the policy's coverage, there is a duty to defend." *Standard Artificial Limb, Inc. v. Allianz Ins. Co.,* 895 S.W.2d 205, 210 (Mo. Ct. App. 1995). Conversely, "where the underlying claim is outside the coverage of the insurance policy," no such duty exists. *McDonough v. Liberty Mut. Ins. Co.,* 921 S.W.2d 90, 94 (Mo. Ct. App. 1996).

Grinnell argues that the underlying malicious prosecution counterclaim falls outside the policy's coverage. Under Missouri law, a claim for malicious prosecution requires a showing of malice, making malicious prosecution an intentional tort. *Shiddell v. Bar Plan Mut.*, 385 S.W.3d 478, 483-84 (Mo. Ct. App. 2012). Therefore, Grinnell

contends, the underlying counterclaim does not assert any injury caused by negligence, and so it falls outside the coverage of Sleeper's policy.

In response, Sleeper argues that the malicious prosecution counterclaim lacked merit.  As she points out, although the Missouri Supreme Court ultimately concluded that Sleeper's state claims were barred by the statute of limitations, *Ellison*, 437 S.W.3d at 770, a prior line of Missouri cases had held that overt acts of concealment could toll the statute of limitations indefinitely.  Therefore Sleeper maintains she had probable cause to file the underlying lawsuit and thus "[t]he only possible way that these counterclaimants could succeed is under a theory of negligence which would be fully covered by this policy."  [Doc. 41, p. 33].  In other words, "[t]hough [the counterclaimants] assert intentional acts against her, the facts as they have pled them more aptly are stated in negligence."  [Doc. 41, p. 31].

Yet the Court's present task is not to reexamine the merits of a state lawsuit by parsing allegations for factual support.  Rather, the Court must merely look at the allegations as they are contained in the complaint.  *Butters v. City of Independence*, 513 S.W.2d 418, 424 (Mo. banc 1974).  *See also Penn-Star*, 306 S.W.3d at 599 ("In our analysis of the duty to defend, we are constrained to refer to the petition without reading into it any factual assumptions.").  According to the counterclaim asserted against Sleeper, she knew her lawsuit fell outside the statute of limitations but filed it anyways "without just cause or excuse and for the sole purpose of greed."  [Doc. 32-1, p. 7, ¶¶ 52-53].  The counterclaim further alleged that Sleeper "lacked probable cause for prosecution of [these] claims."  [Doc. 32-1, p. 10, ¶¶ 73-74].  At no point does the

6

counterclaim suggest Sleeper acted negligently. Instead, regardless of its ultimate merits, the counterclaim charged Sleeper solely with intentional, malicious acts.

Therefore, the malicious prosecution counterclaim falls outside the coverage of Sleeper's policy and Grinnell has no duty to defend.

## C. Duty to Indemnify

Unlike the duty to defend, "[t]he duty to indemnify is determined by the facts as they are established at trial or as they are finally determined by some other means, for example through summary judgment." *McCormack Baron*, 989 S.W.2d at 173. Missouri courts have found that "[a]n insurer's duty to defend is broader than its duty to indemnify." *Superior Equip. Co. v. Maryland Cas. Co.*, 986 S.W.2d 477, 484-85 (Mo. Ct. App. 1998). Accordingly, "[w]here there is no duty to defend, there is no duty to indemnify." *Trainwreck W. Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 44 (Mo. Ct. App. 2007) (*quoting Am. States Ins. Co. v. Herman C. Kempker Const. Co.*, 71 S.W.3d 232, 236 (Mo. Ct. App. 2002)).

Given that Grinnell has no duty to defend Sleeper, it follows that Grinnell also has no duty to indemnify her regarding the malicious prosecution counterclaim.

## III.   Conclusion

For the foregoing reasons, Plaintiff Grinnell Mutual Reinsurance's motion for summary judgment [Doc. 31] is granted.

s/ Nanette K. Laughrey

7

NANETTE K. LAUGHREY
United States District Judge

Dated:  <u>March 7, 2016</u>
Jefferson City, Missouri